UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VALERIE WILLIAMS,

        Plaintiff,                                     **ORDER**
                                                                **10 CV 1429 (NGG)(LB)**

        -against-

WOODHULL MEDICAL AND MENTAL
HEALTH CENTER, NEW YORK
UNIVERSITY LANGONE MEDICAL
CENTER MILLHAUSER LABS, CITY OF
NEW YORK, NEW YORK CITY HEALTH
AND HOSPITAL CORPORATION,
EDWARD FISHKIN, M.D., LEONEL
URCUYO, M.D., and PAUL H. KASTELL, M.D.

        Defendants.

-------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Anthony Pendergrass, Esq., moves to withdraw as counsel of record for plaintiff in this employment discrimination action. For the reasons set forth below, counsel's motion to withdraw is denied.

## BACKGROUND

        Plaintiff, proceeding *pro se* at the time, commenced this civil action on March 30, 2010, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (Docket entry 1.) Anthony Pendergrass, Esq. appeared on plaintiff's behalf at the initial pretrial conference on November 9, 2010, and filed a notice of appearance as well as an amended complaint shortly thereafter. (Docket entries 21, 24, and 26.) The parties conducted discovery until April 15, 2011, and upon the close of discovery, defendants sought permission to move for summary judgment. (Docket entries 27 and 32.) After the parties were unable to

resolve this matter at a settlement conference, the Court set the briefing schedule for defendants' motion for summary judgment. Defendants served plaintiff's counsel with their motion for summary judgment on September 19, 2011. Upon plaintiff's belated requests, the Court twice extended plaintiff's time to oppose defendants' motion *nunc pro tunc*. (Docket entries 38 and 39.) On December 15, 2011, the deadline for plaintiff to file any opposition to defendants' motion, Mr. Pendergrass filed the instant motion to withdraw as counsel for plaintiff. (Docket entry 40.) Mr. Pendergrass submitted his own declaration in support of the motion to withdraw. (Docket entry 40-1.) Although counsel served the motion to withdraw on his client, the Court has not received any response from plaintiff. Defendants do not oppose counsel's motion to withdraw, but request that the Court adjourn the deadline for filing the fully-briefed motion for summary judgment. (Docket entry 41.)

## DISCUSSION

Withdrawal of counsel is governed by Local Civil Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Local Civ. R. 1.4. "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting In re Albert, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

"[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." United States v. Lawrence Aviation Indus., No. CV 06-4818 (JFB)(ARL), 2011 U.S. Dist. LEXIS 13777, at *5 (E.D.N.Y. Feb. 11, 2011) (quoting Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016 (JGK)(RLE), 1999 U.S. Dist.

LEXIS 7779, at *14 (S.D.N.Y. May 26, 1999)); see Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons' include failure to pay legal fees, a client's lack of cooperation – including lack of communication – with counsel, and the existence of an irreconcilable conflict between attorney and client.") (internal quotation marks and citations omitted).

In support of the instant motion, plaintiff's counsel submits his declaration which states that on November 21, 2011, he informed his client "after an exhaustive review of the file and the law, that [plaintiff] would not survive summary judgment and that it was not possible for [him] to make a good faith argument in opposition to" defendants' motion. (Docket entry 40-1, Pendergrass Decl. at ¶ 4.) After plaintiff insisted that counsel travel to New York to discuss the case, but refused to pay for the cost of counsel's travel, counsel states that "our relationship has devolved into a state of disrespect and incivility [and] my client has made a number of accusations against me that have rendered our relationship to be irreconcilable." (Id. at ¶ 5-7.) Counsel further states that plaintiff's "view of this matter is contrary to the view that I have come to after an exhaustive review of the file; she continues to strongly believe, contrary to my advice, that her case is viable." (Id. at ¶ 9.) It is apparent that the attorney-client relationship has broken down in this case, largely as a result of differing perspectives on the merits of plaintiff's claims. Based on the facts provided in his declaration, the Court credits counsel's position that the attorney-client relationship is "irretrievably broken."

However, the Court's inquiry does not end there. See Kariman v. Time Equities, Inc., No. 10 Civ. 3773 (AKH)(JCF), 2011 U.S. Dist. LEXIS 51916, at *3-4 (S.D.N.Y. May 11, 2011) (Upon a motion to withdraw as counsel, the Court "must analyze two factors: the reasons for

withdrawal and the impact of the withdrawal on the timing of the proceeding."). "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (alteration in original) (quoting Brown v. Nat'l Survival Games, Inc., No. 91-CV-221, 1994 U.S. Dist. LEXIS 16572, at *9 (N.D.N.Y. Nov. 18, 1994)). "The Court may also examine likely prejudice to the client [and] whether the motion is opposed." Stair, 722 F. Supp. 2d at 265 (citation omitted).

Plaintiff would suffer significant prejudice if her attorney were to withdraw at this juncture. Discovery in this matter closed over eight months ago on April 15, 2011. After defendants served their motion for summary judgment, the Court provided plaintiff two extensions of time to oppose defendants' motion. On the day that plaintiff's opposition to defendants' motion for summary judgment was due, and almost three months after being served with the motion, plaintiff's counsel filed the instant motion to withdraw. Even if plaintiff were able to find another attorney to represent her at this juncture, such an attorney would not have sufficient time to become familiar with the record and adequately oppose defendants' motion. The more likely scenario is that plaintiff will be unable to find a new attorney and she would have to oppose defendants' motion *pro se*. Although counsel could have moved to withdraw upon the close of discovery, he waited to do so for over eight months and after obtaining two extensions of time to oppose defendants' motion. This is an untenable position to leave his client in. Finally, it is unclear whether plaintiff consents to her attorney's withdrawal from this case. Although counsel served the motion to withdraw on his client, the Court has not received any response from plaintiff.

Given defendants' motion for summary judgment and the timing of plaintiff's counsel's instant motion, the Court finds that withdrawal of counsel at this juncture would be highly prejudicial to plaintiff. The motion is therefore denied. See SEC v. Great Am. Techs., Inc., No. 07 Civ. 10694 (DC), 2009 U.S. Dist. LEXIS 117589, at *13 (S.D.N.Y. Dec. 15, 2009) (denying motion to withdraw as counsel where corporate defendant would be at risk of default and the Court was "unwilling to extend the discovery deadline again"); Fashion Boutique v. Fendi, USA, Inc., No. 91 Civ. 4544 (MGC), 1999 U.S. Dist. LEXIS 9687, at *4 (S.D.N.Y. June 28, 1999) (finding that "granting the motion [to withdraw as counsel] would work a greater hardship on the plaintiff than can be justified on the existing record at this late date"); cf. Diarama Trading Co., Inc., 2005 U.S. Dist. LEXIS 17008, at *9 ("Because all discovery has been completed and Defendants' motion for summary judgment has been fully-briefed and is currently *sub judice* with the Court, any new counsel retained by Plaintiff would not be forced to 'hit the ground running' but would instead have ample time to familiarize himself with the entire record in the case and thus prepare himself either to proceed to trial should summary judgment be denied or prepare an appeal if summary judgment is granted.").

## CONCLUSION

For the reasons set forth above, Mr. Pendergrass' motion to withdraw as plaintiff's counsel is denied. Defendants' request to adjourn the December 15, 2011 deadline for filing the fully-briefed motion for summary judgment is granted. Plaintiff shall oppose defendants' motion for summary judgment by January 27, 2012. No further request for an extension of time to oppose defendants' motion will be considered. Defendants shall serve any reply and the parties shall electronically file the fully-briefed motion by February 10, 2012.[1] Plaintiff's counsel shall

---

[1] Defendants' request to file their motion under seal is denied without prejudice. "The federal courts 'have recognized a strong presumption of public access to court records.'" Standard Chartered Bank Int'l (Americas) Ltd.

serve a copy of this Order on plaintiff and file proof of service with the Court by January 10, 2012.

SO ORDERED.

                                                                        _____/S/_____
                                                                       LOIS BLOOM
                                                                       United States Magistrate Judge

Dated: December 27, 2011
       Brooklyn, New York

---

v. Calvo, 757 F.Supp.2d 258, 259-60 (S.D.N.Y. 2010) (citations omitted). "Recently, the Judicial Conference of the United States reaffirmed this principle." In re Platinum and Palladium Commodities Litig., 10 Civ 3617(WHP), 2011 WL 5843443, at *1 (S.D.N.Y. Nov. 21, 2011) (citing Judicial Conference of the United States, Judicial Conference Policy on Sealed Cases (Sept. 13, 2011)). If defendants wish to renew their application, they must demonstrate the need for sealing the entire motion.