UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VALERIE WILLIAMS,

        Plaintiff,

-against-

WOODHULL MEDICAL AND MENTAL
HEALTH CENTER, NEW YORK
UNIVERSITY LANGONE MEDICAL
CENTER MILLHAUSER LABS, CITY OF
NEW YORK, NEW YORK CITY HEALTH
AND HOSPITAL CORPORATION,
EDWARD FISHKIN, M.D., LEONEL
URCUYO, M.D., and PAUL H. KASTELL, M.D.

        Defendants.

**REPORT AND RECOMMENDATION**
**10 CV 1429 (NGG) (LB)**

------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff moves to amend the complaint in this employment discrimination action. For the reasons set forth below, it is respectfully recommended that plaintiff's motion to amend should be denied. It is further recommended that plaintiff's breach of contract claim should be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

        Plaintiff commenced this civil action *pro se* on March 30, 2010 pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. (Docket entry 1.) Counsel appeared on plaintiff's behalf and plaintiff filed an amended complaint with defendants' consent on December 15, 2010. (Docket entries 24 and 26.) The parties conducted discovery until April 15, 2011, and upon the close of discovery, defendants sought permission to move for summary judgment. (Docket entries 27 and 32.) After the parties

1

were unable to resolve this matter at a settlement conference, the Court set the briefing schedule for defendants' motion for summary judgment and the instant motion to amend.[1]

Plaintiff moves to amend the complaint for a second time and defendants oppose plaintiff's motion. (Docket entries 35 and 37.) Plaintiff "seeks to amend the complaint by deleting the Breach of Contract causes of action, [] adding two 14th Amendment cause[s] of action alleging deprivation of Plaintiff's property right and rights to liberty, . . . [and] supplement[ing] her complaint to address the retaliation of Defendants in making false reports about Plaintiff's previous employment with Defendants." (Docket entry 35-3, Pl.'s Mem. of Law in Supp. of Mot. to Amend and Supplement a Civil Compl. ("Pl.'s Mem."), pp. 2-3.) In her proposed second amended complaint, plaintiff revises some of the factual allegations regarding her employment at Woodhull and includes new factual allegations regarding her employment at Boriken Health Clinic following her termination from Woodhull. Defendants argue that plaintiff's motion to amend should be denied based on futility, undue delay, and prejudice. (Docket entry 37, Mem. of Law in Opp. to Pl.'s Mot. to Amend the Compl. ("Defs.' Opp."), pp. 4-9.) Plaintiff did not reply to defendants' opposition.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[1] Defendants served their motion for summary judgment on September 19, 2011. Plaintiff sought two extensions of time to oppose defendants' motion for summary judgment and on the deadline for plaintiff to file her opposition, plaintiff's counsel moved to withdraw from this case. (Docket entries 38, 39 and 40.) The Court denied counsel's motion to withdraw and directed plaintiff to serve her opposition to defendants' motion for summary judgment by January 27, 2012. (Docket entry 42.) The Court directed defendants to electronically file the fully-briefed motion by February 10, 2012. (Id.)

2

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 129 S. Ct. at 1950.

Plaintiff seeks to add a retaliation claim under Title VII and Section 296 of the New York State Executive Law against defendants for allegedly providing false information to Mount Sinai School of Medicine. (Prop. Second Am. Compl., Count XI.) In her proposed second amended complaint, plaintiff alleges that following her termination from Woodhull, she was offered employment with Boriken Health Clinic, subject to the condition that she maintained admitting privileges at Mount Sinai School of Medicine. (Id. at ¶¶ 79-80.) Plaintiff alleges that defendants provided Mount Sinai School of Medicine with false information in January 2011 that caused her not to receive admitting privileges at Mount Sinai School of Medicine in a timely manner, which in turn caused Boriken Health Clinic to terminate her employment in May 2011. (Id. at ¶¶ 81-82.)

3

To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) (citation omitted). At this stage, plaintiff need not establish a prima facie case, but must nonetheless "allege facts that state a plausible retaliation claim." Jackson v. N.Y. State Dep't of Labor, 709 F. Supp. 2d 218, 228 (S.D.N.Y. 2010).

Even assuming that plaintiff suffered an adverse employment action when defendants allegedly provided false information to Mount Sinai School of Medicine, plaintiff does not allege facts that plausibly suggest a causal connection between the adverse employment action and plaintiff's filing of an internal complaint of discrimination or an EEOC charge of discrimination. A plaintiff may establish a causal connection between a protected activity and an adverse employment action either "directly through evidence of retaliatory animus" or "indirectly with circumstantial evidence." Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990). "[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." Gorzynski, 596 F.3d at 110 (quoting Gorman-Bakos v. Cornell Coop. Extension of Schenectady County, 252 F.3d 545, 554 (2d Cir. 2001)). "[D]istrict courts in this Circuit have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation." Garrett v. Garden City Hotel, Inc., No 05-CV-0962 (JFB) (AKT), 2007 U.S. Dist. LEXIS 31106, at *69-70 (E.D.N.Y. Apr. 19, 2007) (collecting cases).

Here, plaintiff internally complained of discrimination at Woodhull in April 2009 and filed a charge of discrimination with the EEOC in September 2009. (Prop. Second Am. Compl.,

4

¶¶ 39-45, 68.) Defendants allegedly provided false information to Mount Sinai School of Medicine a year and four months later in January 2011. (Id. at ¶¶ 81-82.) As no other facts are alleged regarding defendants' retaliatory motive, plaintiff does not make out a causal connection between her discrimination complaints and defendants' alleged provision of false information to Mount Sinai School of Medicine. See Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv., No. 10 Civ. 6210 (NRB), 2011 U.S. Dist. LEXIS 133930, at *17 (S.D.N.Y. Nov. 21, 2011) (dismissing retaliation claim where plaintiff "alleged no facts to directly support a plausible finding of causality, and the year-long gap between the two events far exceeds the normal span of time from which causality may be inferred"). As plaintiff fails to allege facts that plausibly suggest a causal connection between her discrimination complaints and defendants' adverse action, plaintiff's proposed retaliation claim under Title VII is futile. See Jackson, 709 F. Supp. 2d at 228 (dismissing retaliation claim where plaintiff failed to allege facts that plausibly suggested an adverse employment action or causal connection). Plaintiff's retaliation claim under state law is futile for the same reason. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000) ("The identical standards apply to employment discrimination claims brought under Title VII . . . [and] New York Executive Law § 296."). Accordingly, plaintiff's motion to amend should be denied with respect to plaintiff's proposed retaliation claims under Title VII and Section 296 of the New York State Executive Law.[2]

Plaintiff's proposed second amended complaint also adds two causes of action for deprivation of property and liberty without due process of law. (Prop. Second Am. Compl. Counts V, VI.) Plaintiff's proposed fifth cause of action claims that defendants deprived her of "a property interest in her position as an Attending OB-GYN physician" without due process

---

[2] As the Court finds that plaintiff's proposed retaliation claims would be futile, the Court need not address defendants' argument that the amendment should be denied based on undue delay and prejudice.

when defendants terminated her employment. (Prop. Second Am. Compl., ¶¶ 116-117.) Plaintiff's proposed sixth cause of action claims that "Defendants['] action have defamed Plaintiff's professional reputation in addition to depriving her of her property interest in her position as an Attending OB-GYN physician with defendants when she was terminated; and, such defamation accompanied by loss of Plaintiff's position violated Plaintiff's right to liberty without due process of law." (Id. at ¶ 124.) Although defendants liberally construe plaintiff's proposed second amended complaint as raising new due process claims based on defendants' alleged actions regarding Mount Sinai School of Medicine subsequent to plaintiff's termination at Woodhull (Defs.' Opp., pp. 4-7), plaintiff's proposed amendment does not clearly set forth such claims. As plaintiff is represented by counsel, the Court should not liberally construe her proposed claims. Moreover, plaintiff's instant motion states that "[s]ince the filing of her complaint, Plaintiff has placed the Defendants on notice that she was deprived of a property right and right to liberty . . . [and] Plaintiff has done nothing more than to set such details out in their own causes of action." (Pl.'s Mem., p. 3.) The Court does not construe plaintiff's proposed second amended complaint as raising new due process claims based on defendants' actions with regard to Mount Sinai School of Medicine subsequent to plaintiff's termination and therefore does not address the futility or delay of raising such claims in an amended complaint at this juncture.[3]

---

[3] Even if plaintiff were to clearly assert a stigma-plus due process claim under 42 U.S.C. § 1983 based on defendants' alleged defamatory statements to Mount Sinai School of Medicine, plaintiff's proposed amendment would be futile. To establish a due process claim based on a liberty interest, a plaintiff must demonstrate a stigma to her good name plus "some other tangible element in order to rise to the level of a protectible liberty interest." Valmonte v. Bane, 18 F.3d 992, 999 (2d Cir. 1994) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). "To state a valid stigma-plus claim, [a plaintiff] must establish three facts: (1) the government made stigmatizing statements about him, statements that call into question his good name, reputation, honor, or integrity; (2) the stigmatizing statements were made public; and (3) the stigmatizing statements were made concurrently with, or in close temporal proximity to, his dismissal from government employment." Spang v. Katonah-Lewisboro Union Free Sch. Dist., 626 F. Supp. 2d 389, 395 (S.D.N.Y. 2009) (citing Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006)). In the proposed second amended complaint, plaintiff alleges only that "[o]n or about January 2011, Plaintiff was informed by Mount Sinai School of Medicine that Defendants had sent an evaluation from Woodhull Medical

To the extent that plaintiff seeks to amend the complaint simply to set forth her existing due process claims in separate causes of action, plaintiff's motion to amend should be denied as unnecessary. Plaintiff's amended complaint already includes due process claims alleging that defendants deprived her of both property and liberty interests. (Am. Compl., ¶¶ 77-81, 83-89.) Accordingly, the Court need not grant plaintiff's motion to amend as it relates to any due process claims based on plaintiff's employment at Woodhull because those claims are already alleged, albeit in a less than ideal manner, in the amended complaint.[4]

Finally, plaintiff seeks to amend the complaint to withdraw her breach of contract claim. However, plaintiff does not need to amend the complaint to voluntarily dismiss one of her claims. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "In deciding whether to dismiss a claim under Rule 41(a)(2), the relevant concern is 'whether the dismissal of the action will be unduly prejudicial to the defendants.'" Fortis Bank S.A. v. Brookline Fin. LLC, No. 10 Civ. 894 (NRB), 2012 U.S. Dist. LEXIS 3357, at *7 (S.D.N.Y. Jan. 11, 2012) (quoting

---

Center . . . which stated in part, that her clinical privileges were under review, subsequently suspended, and eventually terminated." (Prop. Second Am. Compl., ¶ 81.) As defendants' allegedly defamatory statements were made a year and three months after plaintiff's termination from Woodhull, plaintiff's proposed amendment fails to state a stigma-plus claim. Moreover, plaintiff's stigma-plus claim fails because the availability of an Article 78 proceeding "provide[s] sufficient procedural protection as post-deprivation name-clearing hearings." Spang, 626 F. Supp. 2d at 397 (dismissing plaintiff's stigma-plus claim where "adequate post-deprivation remedies were available, and Spang failed to avail himself of them").

[4] To the extent plaintiff seeks to amend her complaint to revise the factual allegations regarding her employment at Woodhull, plaintiff's motion to amend should be denied based on undue delay and prejudice. Plaintiff moves to amend nine months after amending the complaint for the first time, five months after the close of discovery, and at the time defendants were to move for summary judgment. Plaintiff's failure to move to amend earlier constitutes undue delay. See Simon v. City of New York, No. 09-CV-1302 (ENV)(RER), 2011 U.S. Dist. LEXIS 9515, at *21 (E.D.N.Y. Jan. 3, 2011) (finding undue delay where plaintiff "waited one year after filing her original complaint, seven months after filing her first amended complaint, and only five days before discovery was set to close, to seek leave to amend the complaint a second time"); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (no abuse of discretion in denying motion to amend where "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint"). As defendants have already served their motion for summary judgment, defendants would be prejudiced if plaintiff were permitted to revise the factual allegations in her amended complaint regarding her employment with Woodhull at this juncture.

7

Ferrato v. Castro, 888 F. Supp. 33, 34 (S.D.N.Y. 1995)). Here, defendants do not oppose plaintiff's request to withdraw her breach of contract claim. (Defs.' Opp., p. 2, n.1.) Accordingly, plaintiff's breach of contract claim should be dismissed under Rule 41(a)(2).

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion to amend should be denied. It is further recommended that plaintiff's breach of contract claim should be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                   _____/S/_____
                                                   LOIS BLOOM
                                                 United States Magistrate Judge

Dated: January 31, 2012
       Brooklyn, New York