FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ FEB 2 1 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

VALERIE WILLIAMS,

          Plaintiff,

  -against-

WOOHDULL MEDICAL AND MENTAL HEALTH
CENTER; NEW YORK UNIVERSITY LANGONE
MEDICAL CENTER MILLHAUSER LABS; CITY
OF NEW YORK; NEW YORK CITY HEALTH
AND HOSPITAL CORPORATION; EDWARD
FISHKIN, M.D.; LEONEL URCUYO, M.D.; and
PAUL H. KASTELL, M.D.,

          Defendants.

-------------------------------------------------------------------X

**ORDER**

**10-CV-1429 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      On March 30, 2010, Plaintiff Valerie E. Williams ("Williams") filed a Complaint against Defendants Woodhull Medical and Mental Health Center, New York University Langone Medical Center Millhauser Labs, City of New York, New York City Health and Hospital Corporation, Edward Fishkin, Leonel Urcuyo, and Paul H. Kastell (collectively "Defendants"). (Compl. (Docket Entry # 1).) Williams filed her complaint pro se; but later acquired an attorney.[1] (See Notice of Appearance of Anthony L. Pendergrass (Docket Entry # 24).) After doing so, Willams filed an Amended Complaint on consent. (Docket Entry # 26.) The parties engaged in discovery (see, e.g., Stipulation and Protective Order (Docket Entry # 30)), and Defendants then sought leave to move for summary judgment (see Pre-Motion Conference Request (Docket Entry # 32)). The

---

[1] Williams's attorney subsequently moved for leave to withdraw from the case. (Mot. to Withdraw as Att'y (Docket Entry # 40).) Magistrate Judge Bloom denied that motion. (Dec. 27, 2011 Order (Docket Entry # 42).) Williams's attorney has continued to represent her after Judge Bloom's Order. (See, e.g., Pl.'s Mem. in Opp'n to Summ. J. (Docket Entry # 58-2) at 12.)

1

court referred that request to Magistrate Judge Lois Bloom for decision and for a settlement conference. (Docket Entry # 33.) Judge Bloom attempted to mediate a settlement; however, when those efforts did not succeed, Judge Bloom set a schedule for Defendants to move for summary judgment and for Williams to move to further amend her complaint. (Aug. 8, 2011 Order.) Williams so moved (Docket Entry # 35), and the court referred Williams's motion to Judge Bloom (Docket Entry of Oct. 28, 2011.) On January 31, 2012, Judge Bloom issued her Report and Recommendation ("R&R"), recommending that the court deny Williams's motion to amend. (R&R (Docket Entry # 44) at 8.) Judge Bloom also noted that one of the ways in which Williams wished to amend her complaint was to delete her breach of contract claim; Judge Bloom recommends that the court dismiss that claim pursuant to Federal Rule of Civil Procedure 41(a)(2) rather than permit an amendment solely for that purpose. (Id.)

No party has objected to Judge Bloom's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Accordingly, the court reviews Judge Bloom's R&R for clear error. See 28 U.S.C. § 636(b)(1). Having reviewed Judge Bloom's R&R, the court adopts it in its entirety. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). Accordingly, the court DENIES Williams's motion to file a Second Amended Complaint. The court DISMISSES Willams's breach of contract claim pursuant to Rule 41(a)(2).

SO ORDERED.

Dated: Brooklyn, New York
February 1⌐, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge